## CASE NO. 16-3402

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

## UNITED STATES OF AMERICA,

*Plaintiff- Appellee,*

**vs.**

## EFREN VEGA,

*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION
*1:15CR296*

---

## APPELLANT EFREN VEGA'S BRIEF

---

Respectfully submitted,

/s/ Brian R. McGraw
**BRIAN R. McGRAW (0036799)**
Attorney for Defendant/Appellant
55 Public Square, Suite 2100
Cleveland, OH 44113
Phone: 216-574-2516
Fax:216-696-1718
brianmcgraw7579@yahoo.com

# <u>TABLE OF CONTENTS</u>

PAGE NO.

TABLE OF CASES, STATUES, AND OTHER AUTHORITIES .........................................ii

STATEMENT IN SUPPORT OF ORAL ARGUMENT......................................................iii

STATEMENT OF JURISDICTION.......................................................................1

STATEMENT OF THE ISSUES ........................................................................2

     I.  **WHETHER THE GOVERNMENT'S REFUSAL TO OFFER A THIRD ACCEPTANCE OF RESPONSIBILITY POINT BREACHED THE PLEA AGREEMENT.**

STATEMENT OF THE CASE ..........................................................................3

SUMMARY OF ARGUMENT........................................................................10

ARGUMENT......................................................................................11

CONCLUSION....................................................................................17

CERTIFICATE OF COMPLIANCE..................................................................18

CERTIFICATE OF SERVICE.......................................................................19

APPELLANT'S DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS.............. 20

## TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES

**Cases**

*Puckett v. United States*, 556 U.S. 129 (2009)                           11, 14
*United States v. Robison*, 924 F.2d 612 (6th Cir. 1991).                 11, 14
*United States v. Phibbs*, 999 F.2d 1053, 1081 (6th Cir. 1993)           11, 15
*Santobello v. New York*, 404 U.S. 257, 262 (1971)                       11, 13, 15
*United States v. Moncivais*, 492 F.3d 652, 662 (6th Cir. 2007)          12, 15
*United States v. McPhee*, 108 F.3d 287 (11th Cir. 1997).                12, 15
*United States v. Munoz*, 718 F.3d 726 (7th Cir. 2013).                  13
*United States v. Matchopatow*, 259 F.3d 847(7th Cir. 2001).             14
 *United States v. O'Doherty*, 643 F.3d 209, 217 (7th Cir. 2011)         14
*United States v. Smith*, 429 F.3d 620, 629 (6th Cir. 2005).             14
*United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011)        16
*United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002)            16

**Statutes**

21 U.S.C. § 846                                     1
21 U.S.C. §841(a)(1), (b)(1)( C)                     1
18 U.S.C. § 3231                                     1
28 U.S.C. § 1291                                     1

**Other**

Federal Rule of Appellate Procedure 34(a)(1)        iii
Sixth Circuit Rule 34(a)                            iii
USSG § 2D1.1(c)(12)                                 4
USSG § 3B1.1(b)                                     4
USSG § 3E1.1(a) and (b)                             4, 12-16
Rule 32(A)(7)(C)

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Pursuant to Federal Rule of Appellate Procedure 34(a)(1) and Sixth Circuit Rule 34(a), Appellant EFREN VEGA requests an oral argument in this matter. Appellant argues that an oral argument would assist this Honorable Court in its ruling and would better effectuate VEGA's Sixth Amendment right to counsel on appeal.

## <u>STATEMENT OF JURISDICTION</u>

EFREN VEGA filed a direct appeal from a final criminal judgment entered against him on April 6, 2016 by the Honorable Judge Donald C. Nugent, United States District Judge for the Northern District of Ohio in case number 1:15-CR-00296-2, sentencing VEGA to serve two hundred (200) months imprisonment. (Judgment, R. 119, PAGE ID 750-755).  Original jurisdiction for this matter was established pursuant to the Indictment in Northern District of Ohio case number 1:15-CR-00296 for violating 21 U.S.C. § 846, and §841(a)(1), (b)(1)(C) conspiracy to possess with intent to distribute cocaine, heroin and methamphetamine. (Indictment, R. 15, PAGE ID 85-170).  VEGA plead guilty to Counts 1 and 15 of the Indictment pursuant to a rule 11(c)(1)(A) and (B) plea agreement on January 7, 2016. (Change of Plea, R. 81, PAGE ID 871-920).

The final Judgment was filed on April 13, 2016 and VEGA timely filed a Notice of Appeal on April 18, 2016. (Judgment, R. 119, PAGE ID 750-755); (Notice, R. 122, PAGE ID 768). The United States District Court for the Northern District of Ohio exercised original jurisdiction pursuant to Title 18 U.S.C. § 3231. This Honorable Court has Appellate jurisdiction of this direct appeal under 28 U.S.C. § 1291.

## <u>STATEMENT OF THE ISSUES</u>

I.　　**WHETHER THE GOVERNMENT'S REFUSAL TO OFFER A THIRD ACCEPTANCE OF RESPONSIBILITY POINT BREACHED THE PLEA AGREEMENT.**

## **STATEMENT OF THE CASE**

EFREN VEGA appeals the judgment from United States District Court for the Northern District of Ohio case number 1:15-CR-00296-2 sentencing him to serve two hundred (200) months imprisonment for violating 21 U.S.C. § 846, and §841(a)(1), (b)(1)(C) conspiracy to possess with intent to distribute cocaine, heroin and methamphetamine. (Judgment, R. 119, PAGE ID 750-755). VEGA was one of eight (8) defendants named in fifteen (15) count Indictment filed in the United States District Court, Northern District of Ohio, Eastern Division on August 12, 2015. (Indictment, R. 15, PAGE ID 85-170). VEGA was named in counts 1-8 and 15. *Id.*

VEGA plead guilty to counts 1 and 15 of the Indictment pursuant to a rule 11(c)(1)(A) and (B) plea agreement on January 7, 2016. (Change of Plea, R. 81, PAGE ID 871-920). Pursuant to the terms of the agreement, the government agreed to dismiss counts 2 through 8 at sentencing. (Plea Agreement, R. 83). For purposes of determining VEGA's statutory penalty and imprisonment range under the United States Sentencing Guidelines, the Defendant and the United States Attorney agreed and stipulated that the

3

amount of drugs conspired to be possessed with the intent to distribute and distributed by VEGA in count 1 was at least 3.5 kilograms of cocaine (converted to 700 kilograms of marijuana) and 3 kilograms of heroin, which corresponds to a base offense level of thirty-two (32) pursuant to USSG § 2D1.1(c)(12).  *Id*. at PAGE ID 942.  The parties further agreed that a three (3) level increase for "supervisory role" was appropriate pursuant to USSG § 3B1.1(b) *Id.* at PAGE ID 943 .  According to the plea agreement, VEGA's adjusted offense level would be thirty-five (35) *Id.*  The United States Attorney's office agreed to recommend a 3-level reduction of acceptance and responsibility pursuant to USSG § 3E1.1(a) and (b) at sentencing.  *Id*. at PAGE ID 943.  The "acceptance" paragraph reads as follows:

> 18.  The USAO has no reason to believe at this time that Defendant has not clearly and affirmatively accepted personal responsibility for Defendant's criminal conduct.  The USAO agrees to recommend a three (3) level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), provided Defendant's conduct continues to reflect Defendant's acceptance of responsibility.  Defendant understands **it will be up to the Court at the time of sentencing to determine whether a reduction for acceptance of responsibility is appropriate.**

4

emphasis added.

There were no other adjustments.

The plea agreement contained an appellate waiver (paragraph 20) *Id.,* reading in pertinent part:

> Defendant reserves the right to appeal (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement...".

At VEGA's sentencing, the District Court set the total offense level at 35 with a criminal history category of three (III), resulting in a "Guideline Level of 210 to 262 months" (Sentencing, R. 151, PAGE ID 927).

A legal argument ensued as to whether VEGA should be granted zero, or two or three acceptance of responsibility points *Id.* at 929-935. The government referenced an investigation of VEGA's holding facility that alleged that VEGA was in importer of the drug K2 into the facility. The investigation resulted in no charges and VEGA consistently denied any involvement. Pre-trial services recommended, over VEGA's objection, that no acceptance points be given as a result (paragraph 41 and objections on final page).

5

Based on the investigation, the government's attorney stated the following:

> MR. PINJUH:    "...I don't think he's deserved, Your Honor, of any points for acceptance of responsibility **because of his continued criminal activity**.  I for one am not prepared to give him the additional point for acceptance, and I concur with Ms. Lorentz's recommendation that not only should he not get a third point, he shouldn't get the initial two."

*Id.* at 932, emphasis added

After hearing from both parties, the Court offered these conclusory thoughts...

> THE COURT:    I have what before me?   I mean, investigative reports or                 what?
>
> I'm not sure exactly where I go with this.  This is a kind of a case of first impression for on – because Mr. Vega certainly has himself acknowledged complete responsibility for this case.
>
> MR. PINJUH:    Correct...
>
> ***
>
> THE COURT:    Well, I think under the circumstances what I'll do is give him two points for acceptance of responsibility.  That gives us a total of 33, and then it gives us a range of 168 to 210 months.

*Id.* at 932-935

6

In essence, the District Court determined that the investigation's results were not persuasive and decided to grant VEGA to the two levels for acceptance of responsibility, setting the offense level at 33, criminal history category three (III), with a Guideline range of 168 to 210 months. The government's attorney refused to offer the additional one point for acceptance of responsibility, despite the plea agreement's placing this issue in the hands of the District Court and despite the fact that the District Court's decision gutted his justification for the denial of the point. VEGA's attorney objected. *Id.* at 967.

The government's attorney then argued for harsh treatment for VEGA; a sentence at the high end of the Guideline range.

> MR. PINJUH:    "...because of his continued criminal activity...Your Honor, what's worse is not wanting to help those people out when you had the opportunity, I had to sit down and talk to all of those people and our investigation continued a complete year after it should have been closed...
>
> Your Honor, Special Agent Doug Williams came to Mr. Vega before the case was even indicted, before any complaints were filed, but after we seized that 329 grams of heroin out of the mail, and opened up the case to him and said, "Listen, there was a wiretap investigation, we were tapping your phone, we were tapping Mr. Palacio's phone, there's a bunch of stuff that we don't know about in Texas, there's a bunch of stuff that we don't know about here in Cleveland, **you are in the best position of**

7

> **anyone in this case to not only help yourself," which it would have definitely helped him, "but to help us take this scourge of heroin off the street, find out where the heroin was going."**
>
> **And not only did he say "No thanks," he said, "Hell, no, I'm not doing it." And we actually left him out, we didn't file a complaint right away, he was out on his own recognizance trying to do some things for us, Your Honor, and refused to do it.**
>
> Now, the Court shouldn't consider that in terms of punishment, but I think, Your Honor, you can consider it when you consider the type of human being that Mr. Vega is.

*Id.* at 952-953, emphasis added.

VEGA apologized for his actions. Counsel highlighted the fact that VEGA was a subordinate to defendant Palacio (who received a far more lenient sentence) and that VEGA suffered from mental illness, that he was loved, worked steadily and provided for many family members. Id. at 935-938.

The District Court then imposed a 210 month sentence, granting the government it's request for a high Guideline sentence, though insisting that the sentence was not as a result of VEGA's failure to cooperate *Id.* at 964-965. The District Court distinguished it's very severe sentence that VEGA received from two far lesser defendants who were sentenced simultaneously,

but the District Court did not mention how it viewed VEGA's behavior as compared to his boss (Palacio), who received a much lower sentence.

## **SUMMARY OF THE ARGUMENT**

By the terms of the plea agreement, it was the District Court's responsibility "at the time of sentencing to determine whether a reduction for acceptance of responsibility is appropriate". The District Court granted VEGA his two (2) acceptance of responsibility points, rejecting arguments to deny them.  Based on that conclusion and the terms of the plea agreement, it was the responsibility of the USAO to move for the additional one (1) acceptance point.  When the USAO refused, it breached the plea agreement.

Based upon the foregoing, VEGA respectfully requests his case be remanded for re-sentencing, ordering the government to grant VEGA his one (1) additional acceptance point and to conduct a de novo sentencing.

# ARGUMENT

**UPON A FINDING BY THE DISTRICT COURT THAT VEGA WAS ENTITLED TO ACCEPTANCE OF RESPONSIBILITY POINTS, THE TERMS OF THE PLEA AGREEMENT COMPELLED THE USAO TO OFFER THE THIRD POINT.  WHEN THE USAO REFUSED, IT BREACHED THE PLEA AGREEMENT.**

## A.    Standard of Review

"Plea agreements" are essentially contracts," *Puckett v. United States*, 556 U.S. 129, 137, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009), and are interpreted and enforced according to "traditional principles of contract law." *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991). In analyzing a claimed breach of a plea agreement, this court considers "what the defendant reasonably understood when he entered into the agreement." Fields, 763 F.3d at 453 (internal quotation marks and citation omitted). "[T]he most persuasive evidence" of the defendant's bargain "is found in the plain language" of the agreement. *United States v. Phibbs*, 999 F.2d 1053, 1081 (6th Cir. 1993). In consideration of the substantial sacrifice of constitutional rights that results from a defendant's decision to enter into a plea agreement, any "significant . . . promise or agreement" made by the prosecutor in connection therewith "must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).   The construction of a plea agreement is a question of law, subject to

*de novo* review. <u>United States v. Moncivais</u>, 492 F.3d 652, 662 (6th Cir. 2007);

<u>United States v. McPhee</u>, 108 F.3d 287, 289 (11th Cir. 1997).

**B. Argument.**

VEGA and the government signed a plea agreement. Regarding Acceptance

of Responsibility, the following paragraph explained the agreement:

> 18. The USAO has no reason to believe at this time that Defendant has no clearly and affirmatively accepted personal responsibility for Defendant's criminal conduct. The USAO agrees to recommend a three (3) level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), provided Defendant's conduct continues to reflect Defendant's acceptance of responsibility. Defendant understands it will be up to the Court at the time of sentencing to determine whether a reduction for acceptance of responsibility is appropriate.

Plea Agreement R. 83, PAGE ID 6

At VEGA's sentencing, the District Court rejected the positions of both the

USAO and pre-trial services and awarded VEGA two acceptance of responsibility

points. The USAO took the position that, BECAUSE of VEGA's "continued

criminal activity", that a third acceptance point per (3E1.1(b)) was not to be

offered by the USAO. The Federal Sentencing Guidelines instruction on

Acceptance of Responsibility reads as follows:

§3E1.1.    Acceptance of Responsibility

12

(a)    If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b)    If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

Federal Sentencing Guidelines; §3E1.1

Due process requires the State to honor any promise it makes to induce a guilty plea. When the State breaches a valid plea agreement, the trial court may allow withdrawal of the negotiated plea or it may require the State to fulfill its end of the bargain. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Whether there was a breach of a plea agreement is reviewed *de novo*. *United States v. Munoz*, 718 F.3d 726, 729 (7th Cir. 2013). A plea agreement is interpreted using ordinary principles of contract law, though with an eye to the special public-interest concerns that arise in this context. *Id.*. When the language in a plea agreement is ambiguous, courts look to the parties' reasonable expectations and construe ambiguities against the government as the drafter. *Id.*

13

Courts will not ignore the plain language of the contract where there is no ambiguity. _United States v. Matchopatow_, 259 F.3d 847, 852 (7th Cir. 2001). Courts give unambiguous terms in the plea agreement their plain meaning. _United States v. O'Doherty_, 643 F.3d 209, 217 (7th Cir. 2011).

By granting Vega two acceptance points under 3E1.1(a), the Court was rejecting the validity of the arguments related to a potential denial of acceptance points based on new criminal conduct allegations.   As such, the USAO violated the terms of the plea agreement without any basis.   Subsection (b) of 3E1.1 is activated when the Court found Vega eligible for two points under 3E1.1(a). Applying paragraph 18 of the plea agreement, the Court DID decide that "a reduction for acceptance or responsibility is appropriate".   Per the terms of the agreement, the government at that point was obligated to offer the third point as the Court had rejected the only possible basis to deny Vega that promised point.

Generally, the government has " broad discretion" in whether or not to move for a § 3E1.1(b) reduction. _United States v. Smith_, 429 F.3d 620, 629 (6th Cir. 2005).  Plea agreements "are essentially contracts," _Puckett v. United States_, 556 U.S. 129, 137, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009), and are interpreted and enforced according to "traditional principles of contract law." _United States v. Robison_, 924 F.2d 612, 613 (6th Cir. 1991). In analyzing a claimed breach of a

14

plea agreement, this court considers "what the defendant reasonably understood when he entered into the agreement." Fields, 763 F.3d at 453. "[T]he most persuasive evidence" of the defendant's bargain "is found in the plain language" of the agreement. _United States v. Phibbs_, 999 F.2d 1053, 1081 (6th Cir. 1993). In consideration of the substantial sacrifice of constitutional rights that results from a defendant's decision to enter into a plea agreement, any "significant . . . promise or agreement" made by the prosecutor in connection therewith "must be fulfilled." _Santobello v. New York_, 404 U.S. 257, 262 (1971).   The construction of a plea agreement is a question of law, subject to _de novo_ review. _United States v. Moncivais_, 492 F.3d 652, 662 (6th Cir. 2007); _United States v. McPhee_, 108 F.3d 287, 289 (11th Cir. 1997).

Once a defendant is awarded a two-level reduction for acceptance of responsibility, whether or not to grant the one-level reduction is a matter of determining only whether the defendant timely provided information and notified authorities   of   his intention to enter a plea of guilty. _McPhee_ at 289-90.

U.S. Sentencing Guidelines Manual § 3E1.1 (b). Application Note 6 to § 3E1.1 instructs that the additional one-level reduction may be granted only upon a formal motion by the government at the time of sentencing " because the [g]overnment is in the best position to determine whether the defendant has

assisted authorities in a manner that avoids preparing for trial." U.S. Sentencing

Guidelines Manual § 3E.1.1, cmt. n.6 (2008).  However, in this matter, the clear

language of the plea agreement is that the USAO gave that responsibility over to

the court, or implicity, agreed to follow the Court when it decided to award the two

points.

It is anticipated that the government will argue that the appellate waiver

language in the plea agreement precludes the above arguments.   A voluntary and

knowing waiver of an appeal is valid and must be enforced, *United States v.*

*Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011)  unless a prosecutor's transgression

is so serious that it entitles the defendant to cancel the whole plea agreement.

*United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002).

In the instant matter, VEGA entered a plea agreement with a paragraph that

explained "the Court at the time of sentencing" would determine whether a

reduction for acceptance of responsibility was appropriate".  The District Court

decided that the issues raised against granting acceptance were not persuasive and

awarded the two (2) points.  By the plain language of the plea agreement, the third

point was decided at that time.  VEGA pled guilty.  The District Court decided that

points should be awarded.  The plea agreement rules.  The matter should be

remanded to the District Court with a direction that the third point should be awarded.

## CONCLUSION

VEGA and the USAO entered into a plea agreement. VEGA gave up certain things (pleading guilty, waiving a variety of appellate rights) and the USAO did as well. The plain language of paragraph 18 leaves the awarding of Acceptance of Responsibility points to the District Court. When the District Court determined that points were warranted, all three points should have been awarded. There was no basis to deny VEGA the third point and, in fact, the USAO had given up that authority by the terms of the plea agreement.

Respectfully submitted,

/s/ Brian R. McGraw
**BRIAN R. McGRAW (0036799)**
Attorney for Defendant/Appellant
55 Public Square, Suite 2100
Cleveland, OH 44113
Phone: 216-574-2516
Fax:216-696-1718
brianmcgraw7579@yahoo.com

17

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief is submitted under Rule 32(a)(7)(C). This brief complies with the type-volume limitations set forth in Rule 32(a)(7). This document contains 3245 words.

Dated: January 17, 2017.

/s/ Brian R. McGraw
**BRIAN R. McGRAW (0036799)**
Attorney for Defendant/Appellant
55 Public Square, Suite 2100
Cleveland, OH 44113
Phone: 216-574-2516
Fax:216-696-1718
brianmcgraw7579@yahoo.com

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 17, 2016 a copy of the foregoing Appellant's Brief was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system. Service by regular mail has been made upon EFREN VEGA # 61106-060, Appellant/Defendant at FCI Schuylkill Federal Correctional Institution, PO Box 759 Minersville, PA 17954.

/s/ Brian R. McGraw
**BRIAN R. McGRAW (0036799)**
Attorney for Defendant/Appellant

### APPELLANT'S DESIGNATION OF
### DISTRICT COURT DOCUMENTS
### 1:15CR296

| Record No. | Page ID Range | Description |
|---|---|---|
| 15 | 85-162 | Indictment (8/12/2015) |
| 83 | 425-439 | Signed Plea Agreement (01/07/2016) |
| 106 | 656-678 | Final Presentence Report (03/25/2016) |
| 151 | 921-968 | Sentencing Hearing Transcipt (09/29/2016) |
| 119 | 750-755 | Judgment (4/13/2016) |
| 122 | 768 | Notice of Appeal (4/18/2016) |